WILLIAM B. MEAD, Appellant, *v.* CHARLES A. MEAD *et al.,*
Respondents.

*N. Y. Supreme Court, Second Department, General, Term, May* 13, 1889.

*Partition. Title.*—A purchaser, on a sale in partition, may refuse to
take title, where it appears that there is a mortgage outstanding,
and the only proof of its payment is an affidavit of plaintiff's
attorney to the effect that, for ten years before her death in 1887,
the deceased owner claimed that the property was free from all
incumbrances.

Appeal from an order denying a motion made on behalf
of an infant defendant, to compel the purchaser to take the
title to premises sold on a partition sale, unless a mortgage,
alleged to be an outstanding lien on the property, was
cancelled of record.

*Edward W. Shelden,* for appellant.

*Bacon & Merritt,* for respondents.

BARNARD, P. J.—The case shows that there is a mortgage
outstanding which is an apparent lien on the property sold
in partition. The deed proposed to be given by the referee
will be subject to this lien, if it exists. The mortgage was
dated and recorded in 1830, and the mortgagor took a re-
conveyance in 1848, subject to this mortgage.

This deed of reconveyance was not recorded until 1873.
The mortgagor died in 1865, leaving a son and daughter,
and the son conveyed to the daughter. She conveyed away
the property and took a reconveyance, and died in 1887, the
owner.

There is no mention of the mortgage of 1830 in the deed
from the mortgagor's son to his sister, nor in her deed to
her grantee, nor in the deed back again. The purchaser is

entitled to a merchantable title.    Presumably the mortgage was good in 1873 when the deed of reconveyance to Daniel Walden, the mortgagee, was recorded as against the owners of the title.    The only proof to show the mortgagor paid, is that of the plaintiff's attorney, who makes an affidavit that, for ten years before his death, the deceased owner of the property claimed that it was free of all incumbrances.

The evidence is not sufficient to throw upon the purchaser the risk of its present existence.    The condition in the order in respect to a cancellation under the statutes was reasonable, and we think the statute sufficient to include this case.

If proof be made of the facts as shown in the affidavits, and there is no response to the notice given by the court, the proof of payment will be sufficient to order the cancellation.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurs.